JUDGE BUCHWALD                    12 CV 6426

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------  X

CARLOS PABON,                                    :

                Plaintiff,          :

                                :     **CASE NUMBER:**

          **v.**                        :

THE CITY OF NEW YORK, THE NEW YORK       :       **COMPLAINT**
CITY POLICE DEPARTMENT,
                                :

              Defendants.         :       PLAINTIFF DEMANDS

(NRB) ("ECF CASE")                                TRIAL BY JURY
-----------------------------------------------------------------  X


        Plaintiff Carlos Pabon, by his attorney, BRUCE J. GITLIN, P.C., complains of the

Defendants and alleges as follows:

## PRELIMINARY STATEMENT

        1.     This is an action for money damages against THE CITY OF NEW YORK, THE

NEW YORK CITY POLICE DEPARTMENT, (at all times herein mentioned THE CITY OF

NEW YORK AND NEW YORK CITY POLICE DEPARTMENT shall include their agents,

servants and employees) and INVESTIGATOR SANTIAGO (hereinafter "SANTIAGO"), an

investigator of the New York City Police Department believed to be assigned to the 5th Precinct,

for assault, battery, unlawful detention, false arrest, unlawful imprisonment, negligence,

violations of Plaintiff's Constitutional rights, Title II of the Americans with Disabilities Act,

Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Title

42, Section 1983 of the Civil Rights Act. Plaintiff seeks compensatory and punitive damages,

attorney fees, and such other and further relief as this court may deem just and proper.

2.     Plaintiff CARLOS PABON, who is deaf, relies on American Sign Language to communicate with others.  CARLOS PABON suffered emotional and mental anguish and physical distress because of Defendants' false arrest and imprisonment of, assault and battery and malicious prosecution of him.  Additionally, CARLOS PABON suffered emotional and mental anguish and physical distress, and was denied effective communication with Defendants because of Defendants' failure to provide him with qualified sign language interpreter services.

## PARTIES

3.     Plaintiff CARLOS PABON lives at 184 Forsyth Street, New York, NY 10002. CARLOS PABON is a resident of the County of New York, State of New York.  CARLOS PABON is profoundly deaf in one ear and has significantly limited residual hearing in his other ear and understands American Sign Language ("ASL").  CARLOS PABON relies principally on ASL to communicate with others.

4.     At all times relevant hereto, upon information and belief, INVESTIGATOR SANTIAGO (hereinafter "SANTIAGO") was employed by the New York City Police Department, believed to be assigned to the 5th Precinct, and at all times herein was acting in the capacity of agent, servant and employee of the New York City Police Department and the City of New York.

5.     The defendant CITY OF NEW YORK is a municipal corporation within the State of New York.  At all times relevant hereto, through defendant NEW YORK CITY POLICE DEPARTMENT, an agency of the City of New York, the CITY OF NEW YORK employed defendant SANTIAGO.

2

6.      At all times relevant hereto and in all their actions described herein, SANTIAGO was acting under color of law and pursuant to his authority as an employee of the NEW YORK CITY POLICE DEPARTMENT.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 (2), (3) and 1988, the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States, §§ 504 and 505 of the Rehabilitation Act of 1973 ("Rehabilitation Act") and the Americans with Disabilities Act of 1990 ("ADA"). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the aforementioned statutory and constitutional provisions, inasmuch as federal questions are at issue. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under New York State law pursuant to 28 U.S.C. § 1367, as the claims are so related to the Federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Prior to the filing of this action, the Plaintiff timely made and presented to the defendants on November 23, 2011, a Notice of Claim, as required under § 50-e of the New York State General Municipal Law. The Defendants and their Comptroller have failed, neglected, and refused to pay, settle, compromise or adjust the claim of the plaintiff. The plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

9.      This Court has personal jurisdiction over Defendants because Defendants reside in this district.

10.     Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and because Defendants' acts and omissions giving rise to this action occurred in this district.

3

## FACTS

11.     Plaintiff CARLOS PABON alleges that on August 23, 2011, he was on the premises of his home.  While CARLOS PABON was in his home, police officers arrived at the premises.

12.     The police officers were employed by the New York City Police Department.

13.     The police officers arrived without an American Sign Language interpreter, although, upon information and belief, they knew that CARLOS PABON was profoundly deaf.

14.     The police officers did not have a court order for CARLOS PABON's arrest.

15.     The police officers, along with Santiago, brought CARLOS PABON to the 5th Precinct of the New York City Police Department, located at 19 Elizabeth Street, New York, New York 10013.

16.     While at the 5th Precinct, SANTIAGO questioned CARLOS PABON in the absence of a sign language interpreter, although he requested an interpreter.

17.     Upon information and belief, SANTIAGO placed CARLOS PABON in handcuffs at the precinct and Plaintiff was placed in a cell.

18.     Upon information and belief, SANTIAGO, and a police officer, took CARLOS PABON to 100 Centre Street, New York, New York, later that day.

19.     SANTIAGO placed CARLOS PABON in a jail cell at 100 Centre Street, New York, New York and the Plaintiff remained in the cell with handcuffs during a substantial portion of the time that he was in the cell.

20.     Defendants, at all times herein mentioned, including their agents, servants and/or employees, kept CARLOS PABON in a cell at 100 Centre Street, New York, New York.

21.     CARLOS PABON was falsely imprisoned until August 28, 2011.

4

22.     Throughout the time that CARLOS PABON was imprisoned, Defendants did not provide him with a Sign Language interpreter, although, upon information and belief, Defendants knew that CARLOS PABON was profoundly deaf.

23.     Throughout the time that CARLOS PABON was questioned and imprisoned, CARLOS PABON was not permitted to contact anyone directly, and CARLOS PABON, therefore, was unable to communicate with his sister who was caring for CARLOS PABON'S minor daughter.

24.     CARLOS PABON was worried, concerned, and depressed because he was unable to communicate with his daughter and because he was unaware of his daughter's welfare.

25.     CARLOS PABON appeared before a Judge for a bail hearing.  At the bail hearing, a judge set bail and thereafter CARLOS PABON'S sister posted bail on CARLOS PABON'S behalf.

26.     CARLOS PABON was released on August 28, 2011 and informed that he could return home.

27.     CARLOS PABON was sent home without his possessions which CARLOS PABON had on August 23, 2011, the day of his arrest, and which CARLOS PABON transferred over to the care of THE NEW YORK CITY POLICE DEPARTMENT on that day.

28.     CARLOS PABON was not given his possessions until August 29, 2011, when he returned to and retrieved them from the building located at 100 Centre Street.

29.     CARLOS PABON did not plead guilty to and was not convicted of any violation, misdemeanor, or felony in connection with the circumstances arising on August 23, 2011.

30.     Any criminal charges against CARLOS PABON were dismissed.

31.     The aforesaid acts were all in violation of the plaintiff's Constitutional and
Statutory rights and were perpetrated by the Defendants under the color of law.  Plaintiff alleges
that the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT are liable
for the assault, battery, unlawful detention, false arrest, unlawful imprisonment, negligence, and
violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and
Title 42, Section 1983 of the Civil Rights Act, under a theory of Respondeat Superior.  This is
because, among other reasons, the Defendants have tolerated and permitted a pattern of illegal
actions against CARLOS PABON, including assault, battery, unlawful detention, false arrest and
unlawful imprisonment, malicious prosecution and have failed to maintain a proper system for
reviewing these violations by police officers.   The City of New York and the New York City
Police Department were further negligent in the hiring of SANTIAGO; in failing to properly
train its employees in the execution of their duties; in failing to properly supervise its employees;
and in negligently retaining SANTIAGO.  This has brought about the result that police officers
and employees of the City are encouraged to believe that they can violate the rights of persons,
particularly members of the deaf community, such as the Plaintiff, with impunity.

## FIRST CLAIM FOR RELIEF

### Violations of Plaintiff's Federal
### Constitutional Rights

32.     Plaintiff re-alleges and incorporates by reference each and every allegation above
as if fully set forth herein.

33.     The detention of the Plaintiff without probable cause and without an arrest
warrant was an abuse of power, constituted a seizure within the meaning of the Fourth

Amendment of the United States Constitution and deprived the Plaintiff of his liberty. The seizure and deprivation of his liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

34.    As a direct and proximate result of the herein described unlawful and malicious acts of the defendants, Plaintiff suffered physical harm, deprivation of his liberty, and emotional damage, all of which is in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof and 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

35.    As a further result of the herein described acts, Plaintiff was deprived of his rights and his immunities secured to him under the Constitution and laws of the State of New York including, but not limited to, his rights to be secure in his person, to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

36.    In assaulting and battering the Plaintiff, in subjecting the Plaintiff to false arrest and imprisonment without cause or justification, the Defendants were violating the Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and his rights under the Constitution and laws of the State of New York.

37.    In assaulting and battering the Plaintiff, in subjecting the Plaintiff to false arrest and imprisonment, and in failing to provide the Plaintiff with an American Sign Language interpreter the Defendants directly violated the rules and regulations of the New York City Police Department.

38.     As a direct and proximate result of the herein described unlawful and malicious acts of the Defendants, Plaintiff suffered physical harm, deprivation of his liberty and emotional damage, all of which is in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof and 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

39.     As a further result of the herein described acts, Plaintiff was deprived of his rights and immunities secured to him under the Constitution and laws of the United States and the State of New York, including, but not limited to, his rights under the Fourth and Fourteenth Amendment to be secure in his person, to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

40.     As a proximate result of the false arrest of the Plaintiff by the Defendants and of Defendants' failure to provide Plaintiff with an American Sign Language interpreter, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## SECOND CLAIM FOR RELIEF

### False Arrest

41.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

42.     In subjecting the Plaintiff to false arrest without cause or justification, the Defendants were violating the Plaintiff's rights under the laws and Constitution of the United

States, in particular the First, Fourth and Fourteenth Amendments and his rights under the Constitution and laws of the State of New York.

43.    As a proximate result of the false arrest of the Plaintiff by the Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish and emotional pain, and has suffered the fear, anxiety, degradation and shock of being denied his Constitutional rights, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## THIRD CLAIM FOR RELIEF

### False Imprisonment

44.    Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

45.    In subjecting the Plaintiff to false imprisonment, the Defendants were violating the Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and his rights under the Constitution and laws of the State of New York.

46.    As a proximate result of the false imprisonment of the Plaintiff by the Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish and emotional pain, and has suffered the fear, anxiety, degradation and shock of being denied his Constitutional rights, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## FOURTH CLAIM FOR RELIEF

### Assault and Battery

47.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

48.     In assaulting and battering the Plaintiff, the Defendants were violating the Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and his rights under the Constitution and laws of the State of New York.

49.     As a proximate result of the assault and battery of the Plaintiff by the Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish and emotional pain, and has suffered the fear, anxiety, degradation and shock of being denied his Constitutional rights, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## FIFTH CLAIM FOR RELIEF

### Respondeat Superior

50.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

51.     SANTIAGO, acting as agent and on behalf of Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, within the scope of his employment, as well as other agents, servants and employees of the defendants, assaulted, battered, falsely arrested and imprisoned the Plaintiff.  THE CITY OF NEW YORK is the master

of the agents identified named herein, as well as other agents, and is therefore liable for their actions.

52.    SANTIAGO, acting as agent and on behalf of Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, within the scope of his employment, as well as other agents, servants and employees of the defendants, failed to provide Plaintiff with an American Sign Language interpreter, as required under Title II of the Americans with Disabilities Act, Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Title 42, Section 1983 of the Civil Rights Act.  The City of New York and the New York City Police Department are the masters of SANTIAGO, as well as other agents, servants and employees, and are therefore liable for his actions.

53.    As a proximate result of the actions of the SANTIAGO and Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## SIXTH CLAIM FOR RELIEF

### Failure to Supervise

54.    Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

55.    The failure of the Mayor of the City of New York and the Police Commissioner of the New York City Police Department to adequately train, supervise, discipline or in any other way control the behavior of SANTIAGO, as well as other agents, servants and employees of the

Defendants, and their failure to enforce the laws of the State of New York, the City of New York, and the regulations of the New York City Police Department is evidence of the reckless lack of cautious regard for the rights of the public, including Plaintiff, and exhibited a lack of the degree of due care which prudent and reasonable individuals would show in executing the duties of the Police Commissioner and Mayor.

56.     The failure of the Mayor of the City of New York and the Police Commissioner of the New York City Police Department to train, supervise, discipline or in any other way control Defendants in the exercise of their police functions, and their failure to enforce the laws of the State of New York, the City of New York, and the regulations of the New York City Police Department, was carried out willfully, wantonly, maliciously and with reckless disregard for the dangers of harm and injury to the Plaintiff.

57.     Because of the acts alleged herein and the failure of the City of New York to discipline the Defendants, the continued employment of the Defendants, their agents, servants and employees, presents a clear and present danger to the citizens of the City of New York.

58.     The injuries sustained by the Plaintiff resulted from the recklessness and negligence of Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT in employing, without adequate training and supervision, police officers and employees of unsuitable temperament, and insensitive disposition.

59.     As a proximate result of the actions of Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARMTMENT, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain

and mental anguish, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000)

DOLLARS.

## SEVENTH CLAIM FOR RELIEF

### Discrimination on the Basis of a disability in
### Violation of the Rehabilitation Act
### (29 U.S.C. § 794 et. seq.)

60.     Plaintiff re-alleges and incorporates by reference each and every allegation above

as if fully set forth herein.

61.     The purpose of the Rehabilitation Act is to ensure that no "qualified individual

with a disability in the United States ... shall, solely by reason of his or her disability, be

excluded from the participation in, be denied the benefits of, or be subjected to discrimination

under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

62.     At all times relevant to this action, the Rehabilitation Act, 29 U.S.C. § 794 et seq.,

was in full force and effect and applied to the Defendants' conduct.

63.     Defendants receive Federal financial assistance within the meaning of the

Rehabilitation Act.  29 U.S.C. § 794(a).

64.     The Department of Health and Human Services regulations implementing the

Rehabilitation Act clarify the requirements for Federal financial recipients, such as Defendants,

stating that "[a] recipient . . . that employs fifteen or more persons shall provide appropriate

auxiliary aids to persons with impaired sensory ... or speaking skills, where necessary to afford

such persons an equal opportunity to benefit from the service in question." 45 C.F.R §

84.52(d)(1).

13

65.     Appropriate auxiliary aids include, but are not limited to, interpreters.  45 C.F.R. § 84.52(d)(3).

66.     Plaintiff CARLOS PABON is a qualified individual with a disability within the meaning of the Rehabilitation Act.  29 U.S.C. § 705(9)(B); 42 U.S.C. 12102.

67.     Defendants failed to comply with the Rehabilitation Act by refusing to provide qualified American Sign Language interpreters to the Plaintiff.

68.     Defendants, despite consistent and repeated requests by Plaintiff, refused to provide sign language interpreters during CARLOS PABON'S interrogation, arrest, and imprisonment.  Plaintiff first requested an interpreter before he arrived at the 5th Precinct, and requests were subsequently made throughout his arrest and imprisonment at 100 Centre Street. As such, CARLOS PABON'S ability to communicate with Defendants and their employees was significantly restricted; he was excluded from discussions and decisions relating to his arrest and imprisonment, and was excluded from communicating with his family members, including his sister and his minor daughter, which would have directly benefitted the Plaintiff.

69.     As a proximate cause of Defendants' violations of CARLOS PABON'S rights under the Rehabilitation Act, Plaintiff has suffered discrimination, unequal treatment, exclusion, violations of his rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges and property.

70.     Defendants' failure to comply with the Rehabilitation Act has resulted in harm to the Plaintiff.

71.    As a result of Defendants' breaches of law, Plaintiff has been damaged and injured and demands damages in the sum of TWO MILLION ($2,000,000) DOLLARS.

## EIGHTH CLAIM FOR RELIEF

### Discrimination on the basis of a disability in Violation of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 et seq.)

72.    Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

73.    On July 12, 1990 Congress enacted the Americans with Disabilities Act ("ADA") "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

74.    At all times relevant to this action, the ADA was in full force and effect in the United States and CARLOS PABON had a right not to be subjected to discrimination on the basis of his disability by Defendants. 42 U.S.C. § 12182.

75.    Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

76.    The ADA defines a public entity as "any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ." 42 U.S.C. § 12131(1)(A), (B).

77.    Defendants are public entities within the meaning of 42 U.S.C. § 12131(1) because the CITY OF NEW YORK is a local government, THE NEW YORK CITY POLICE

DEPARTMENT is a department of the City of New York, and SANTIAGO is an employee of the NEW YORK CITY POLICE DEPARTMENT.

78.    The ADA defines a disability as "a physical . . . impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).  Major life activities include hearing and speaking.  42 U.S.C. § 12102(2)(A).

79.    Plaintiff CARLOS PABON is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

80.    Defendants subjected CARLOS PABON to discrimination based upon his disability in violation of Plaintiff's rights under Title II of the ADA.  Defendants repeatedly failed to provide CARLOS PABON with qualified interpreters on numerous occasions while he was at the 5th Precinct and at 100 Centre Street.  Defendants failed to ensure that CARLOS PABON was not excluded, denied services, or otherwise treated differently than other individuals as required by 42 U.S.C. § 12132.

81.    Defendants discriminated against Plaintiff when they failed to provide CARLOS PABON with qualified sign language interpreters at the time he was questioned, arrested, and throughout his imprisonment.

82.    Defendants treated CARLOS PABON differently than hearing individuals by not providing the necessary American Sign Language interpreter services that would have enabled CARLOS PABON to effectively communicate with the police officers.

83.    Defendants' violations of Plaintiff's rights under Title II of the ADA have proximately caused Plaintiff to suffer, discrimination, unequal treatment, exclusion, violations of his rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional

pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges, and property.

84.    As a result of Defendants' actions, omissions and breaches of law, Plaintiff demands compensatory damages in the sum of TWO MILLION ($2,000,000) DOLLARS.

## NINTH CLAIM FOR RELIEF

### Common Law False Arrest

85.    Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

86.    As a proximate result of the false arrest of the Plaintiff by the Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## TENTH CLAIM FOR RELIEF

### Common Law False Imprisonment

87.    Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

88.    As a proximate result of the false imprisonment of the Plaintiff by the Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## ELEVENTH CLAIM FOR RELIEF

### Common Law Assault and Battery

17

89.    Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

90.    As a proximate result of the assault and battery upon the Plaintiff by the Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## TWELFTH CLAIM FOR RELIEF

### Common Law Negligence

91.    Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

92.    Defendants were negligent, careless, wanton, and reckless in their disregard of Plaintiff and by their acts and omissions towards Plaintiff.

93.    As a result of the above, Plaintiff was injured.

94.    Defendants acted with reckless disregard for the physical and emotional well-being of Plaintiff and his rights.

95.    Defendant's negligent acts towards Plaintiff have proximately caused harm to Plaintiff.

96.    As a proximate result of negligent acts inflicted upon the Plaintiff by the Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured in his reputation, and has suffered great pain and mental anguish, all to the Plaintiff's damage in the sum of TWO MILLION ($2,000,000) DOLLARS.

## THIRTEENTH CLAIM FOR RELIEF

### Common Law Malicious Prosecution

97. Plaintiff re-alleges and incorporates by reference each and every allegation above as

if fully set forth herein.

98.    As a proximate result of the malicious prosecution of the Plaintiff by the

Defendants, the Plaintiff was caused to suffer physical pain, was greatly humiliated and injured

in his reputation, and has suffered great pain and mental anguish, all to the Plaintiff's damage in

the sum of TWO MILLION ($2,000,000) DOLLARS.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all

defendants:

(1)    On the FIRST CLAIM FOR RELIEF, against the defendants, compensatory and

punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(2)    On the SECOND CLAIM FOR RELIEF, against the defendants, compensatory

and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(3)    On the THIRD CLAIM FOR RELIEF, against the defendants, compensatory and

punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(4)    On the FOURTH CLAIM FOR RELIEF, against the defendants, compensatory

and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(5)    On the FIFTH CLAIM FOR RELIEF, against defendants, compensatory and

punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(6)     On the SIXTH CLAIM FOR RELIEF, against defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(7)     On the SEVENTH CLAIM FOR RELIEF, against the defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(8)     On the EIGHTH CLAIM FOR RELIEF, against the defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(9)     On the NINTH CLAIM FOR RELIEF, against the defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(10)    On the TENTH CLAIM FOR RELIEF, against the defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(11)    On the ELEVENTH CLAIM FOR RELIEF, against the defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(12)    On the TWELFTH CLAIM FOR RELIEF, against the defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(13)    On the THIRTEENTH CLAIM FOR RELIEF, against the defendants, compensatory and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

(14)    Enter judgment against Defendants and in favor of Plaintiff for the costs of litigation, including reasonable attorney's fees; and

(15)    For such other and further relief as this Court deems just and proper, together with costs, disbursements, and reasonable attorney's fees.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: August 22, 2012
      New York, New York

                              Respectfully submitted,

By: Bruce J. Gitlin

BRUCE J. GITLIN, P.C.
2095 Broadway
Suite 411
New York, NY 10023
(212) 514-5437

*Attorney for Plaintiff*

21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

CARLOS PABON,

                 Plaintiff,            :

                                   :

      v.                              :

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, and POLICE OFFICER   :
SANTIAGO

                                   :

               Defendants.

-------------------------------------------------------------------- X

## COMPLAINT

BRUCE J. GITLIN, P.C.
Attorney for Plaintiff
Office and P.O. Address
2095 Broadway
Suite 411
New York, NY 10023
(212) 514-5437